UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LUIS TEJERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NUMBER: 1:16-cv-00767 |
| v. | § | |
| | § | |
| PORTFOLIO RECOVERY | § | **DEMAND FOR JURY TRIAL** |
| ASSOCIATES, LLC and | § | |
| WESTERN SURETY COMPANY | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff LUIS TEJERO ("Plaintiff" or "Tejero") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, et seq. ("TDCA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA and the TDCA.

2. Defendant, PORTFOLIO RECOVERY ASSOCIATES LLC ("PRA") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation on a GE Capital consumer credit account. The obligation ("Debt") required Plaintiff to pay money arising out of a transaction in which money, property, insurance, or services were the subject thereof, and the same were primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 for Plaintiff's state law claim(s).

4. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

5. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

6. Specifically, Plaintiff suffered a concrete injury to his reputation as a result of Defendant's communication of false information to third parties in connection with its attempt to collect an alleged debt from Plaintiff.

## PARTIES

7. Plaintiff, Luis Tejero ("Plaintiff"), is a resident of the State of Texas, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted GE Capital Retail Bank consumer credit card account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and Tex. Fin. Code § 392.001(1).

8. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company with its principal place of business at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502. It does or transacts business in Texas. Its registered agent and office are Corporation Service Company, located at 211 East 7th Street, Suite 620, Austin, Texas 78701. (Exhibit A, Record from Texas Office of the Comptroller).

9. Defendant PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10. Defendant PRA regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA, and a "third-party debt collector" as defined in Tex. Fin. Code § 392.001(7).

11. Western Surety Company ("Western") is the surety company for the bond PRA has on file with the Texas Secretary of State. Western is liable for acts committed by PRA pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law. Specifically, Western is liable on bond number 20020171. Western can be served at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

## FACTUAL ALLEGATIONS

12. Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a GE Capital Retail Bank consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA, and a "consumer debt" as defined in Tex. Fin. Code § 392.001(2).

13. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

14. PRA purportedly purchased the alleged debt sometime thereafter.

15. In response to collection attempts by Defendant, Plaintiff sent a written communication to PRA, indicating that Plaintiff disputed the alleged debt. (Exhibit B, Dispute Letter).

16. Plaintiff's letter stated, in part, that the amount reported is not accurate.

17. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

18. PRA received Plaintiff's communication on January 29, 2016.

19. Plaintiff purchased his Experian credit report.

20. In March, 2016, PRA communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number and the original creditor. (Exhibit C, Excerpt of Plaintiff's Experian credit report).

21. PRA communicated a balance of $2,111 on the alleged debt to Experian.

22. PRA failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt in March, 2016.

23. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

24. Defendant materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

25. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

26. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

27. In March, 2016, PRA knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified PRA of that dispute by letter on January 29, 2016.

28. Even though PRA knew or should have known, prior to March 1, 2016, that Plaintiff disputed owing the alleged debt, PRA failed to thereafter communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when PRA communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

29. Tex. Fin. Code § 392.202 provides as follows:

> **CORRECTION OF THIRD-PARTY DEBT COLLECTOR'S OR CREDIT BUREAU'S FILES. (a) An individual who disputes the accuracy of an item that is in a third-party debt collector's or credit bureau's file on the individual and that relates to a debt being collected by the third-party debt collector may notify in writing the third-party debt collector of the inaccuracy. The third-party debt collector shall make a written record of the dispute. If the third-party debt collector does not report information related to the dispute to a credit bureau, the third-party debt collector shall cease collection efforts until an investigation of the dispute described by Subsections (b)-(e) determines the accurate amount of the debt, if any. If the third-party debt collector reports information related to the dispute to a credit bureau, the reporting third-party debt collector shall initiate an investigation of the dispute described by Subsections (b)-(e) and shall cease collection efforts until the investigation determines the accurate amount of the debt, if any. . . .**

30. Defendant failed to cease collection activity until completing an investigation and failed to make a written record of Plaintiff's dispute to the credit bureau's files when it failed to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when communicating other information regarding the alleged debt, in violation of Tex. Fin. Code § 392.202(a).

31. Tex. Fin. Code § 392.301 provides as follows:

> **THREATS OR COERCION.  (a)  In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:**
>
> **. . . (3) representing or threatening to represent to any person other than the consumer that a consumer is wilfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute. . . .**

32. Defendant made attempts to coerce by representing to a third party that a consumer was wilfully refusing to pay a nondisputed debt when the debt was in dispute and the consumer had notified in writing the debt collector of the dispute when it failed to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency after having notice of Plaintiff's dispute, in violation of Tex. Fin. Code § 392.301(a)(3).

33. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. Karp v. Recovery Srvcs, Inc., 2013 WL 6734110 (W.D. Tex. Dec. 18, 2013).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

35. Defendant failed to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when PRA communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8), despite having knowledge of Plaintiff's dispute.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

      A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      D.    Such other or further relief as the Court deems proper.

## COUNT II—TEXAS FINANCIAL CODE

36. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

37. Defendant failed to cease collection activity until completing an investigation and failed to make a written record of Plaintiff's dispute to the credit bureau's files when it failed to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when communicating other information regarding the alleged debt, in violation of Tex. Fin. Code § 392.202(a).

38. Defendant made attempts to coerce by representing to a third party that a consumer was wilfully refusing to pay a nondisputed debt when the debt was in dispute and the consumer had notified in writing the debt collector of the dispute when it failed to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency after having notice of Plaintiff's dispute, in violation of Tex. Fin. Code § 392.301(a)(3).

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    An order directing Defendant to cease communicating the alleged debt to consumer reporting agencies without information regarding Plaintiff's dispute pursuant to Tex. Fin. Code. §392.403(a)(1);

    B.    Costs and reasonable attorney fees pursuant to Tex. Fin. Code § 392.403(b);

    C.    Statutory damages of not less than $100 for each violation pursuant to Tex. Fin. Code §392.403(e); and,

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
3300 N Interstate Hwy 35, Suite 7018
Austin, TX 78722
Ph: (512) 851-8148
Fx: (512) 593-5976
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com