UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LUIS TEJERO, § | |
| § | |
| Plaintiff, § | |
| § | CASE NUMBER: 1:16-cv-00767-SS |
| v. § | |
| § | |
| PORTFOLIO RECOVERY § | Hon. Sam Sparks |
| ASSOCIATES, LLC and § | |
| WESTERN SURETY COMPANY § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Plaintiff, Luis Tejero ("Plaintiff"), by and through his attorneys respectfully moves this court for an order allowing him to cite new, additional authority from the Fifth Circuit in support of his Response to Defendants' Motion for Summary Judgment (Docket # 29). In support of this motion, Plaintiff states as follows:

1. Defendants filed a Motion for Summary Judgment, filed May 24, 2017 (Docket #28).

2. Plaintiff filed his Response to Defendants' Motion for Summary Judgment on June 7, 2017 (Docket #29).

3. In their Motion for Summary Judgment, Defendant asserted that Plaintiff did not have Article III standing to pursue their claim in this court. (Docket #28, pp3-6). Specifically, they claim that Plaintiff failed to establish they suffered an actual, concrete, and particularized injury. *Id.* at ¶10. In response to this claim, Plaintiff cited to *Sayles v. Advanced Recovery Sys., Inc.*, 206 F. Supp. 3d 1210 (S.D. Miss. 2016). (Docket # 29, p9 *et passim*.). That case has a nearly identical fact pattern, and the court found the same § 1692e(8) violation conferred Article III standing.

4.      At the time Plaintiff filed their Response, an appeal in *Sayles* had been filed in but no ruling had been issued.

5.      The District Court in *Sayles* found that a 15 U.S.C. § 1692e(8) violation could constitute an injury in fact to confer Article III standing:

> **Here, plaintiff's alleged injury is both particularized and concrete. Sayles alleges ARS failed to report that a debt was disputed when it reported information regarding the debts to a credit reporting agency. Plaintiff's injury is particularized because the alleged conduct—failing to report a debt was disputed—affected him in an individual way and was not a generalized grievance. Accordingly, the Court finds an injury exists that is both particularized and concrete.**

*Sayles v. Advanced Recovery Sys., Inc.,* 206 F. Supp. 3d 1210, 1213 (S.D. Miss. 2016).

6.      The Fifth Circuit Court of Appeals very recently issued their ruling in the case. *RONALD SAYLES, Plaintiff - Appellee v. ADVANCED RECOVERY SYSTEMS, INCORPORATED, Defendant - Appellant*, No. 16-60640, 2017 WL 2872343 (5th Cir. July 6, 2017).[1]

7.      The Appellate Court unanimously upheld the District Court's findings *in toto,* and found that the Plaintiff Sayles had shown that he suffered a concrete injury due to the debt collectors violation of § 1692e(8), even though he did not plead out-of-pocket damages or emotional distress, writing:

> **In *Spokeo*, 136 S. Ct. at 1548, the Supreme Court reiterated that "[a] 'concrete' injury must be '*de facto*'; that is, it must actually exist." However, it also stated that "'[c]oncrete' is not…necessarily synonymous with 'tangible'" *Id.* Instead, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute in jury in fact." *Id.*

*Sayles*, 16-60640, pg. 6.

---

[1] A copy of the opinion is attached as Appendix A to this motion.

8.      The Fifth Circuit additionally cited *Bowse v. Portfolio Recovery Assoc., LLC,* 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016), a recent and similar case for the U.S. District Court for the Northern District of Illinois that was decided by Judge James B. Zagel, where summary judgment was granted to the Plaintiff on a violation of 15 U.S.C. § 1692e(8). Regarding *Bowse,* the Fifth Circuit wrote:

> **[*Bowse* stated] "Among those circumstances are cases where a statutory violation creates the 'risk of real harm.'"** ***Bowse v. Portfolio Recovery Assocs., LLC,*** **218 F. Supp. 3d 745, 749 (N.D. Ill. 2016) (quoting** ***Spokeo****,* **136 S. Ct. at 1549). Here, ARS § 807(8) violation exposed Sayles to a real risk of financial harm caused by an inaccurate credit rating.** ***See Spokeo,*** **136 S. Ct. at 1549;** *see also Bowse,* **218 F. Supp.3d at 749 ("Unlike an incorrect zip code, the 'bare procedural violation' in** ***Spokeo****,* **an inaccurate credit rating creates a substantial risk of harm.") Consequently, the district court did not err when it determined that Sayles' injury was concrete and that he satisfied all elements of standing.** ***See Spokeo,*** **136 S. Ct. at 1547.**
>
> *Sayles,* 16-60640, pg. 6.

9.      The Fifth Circuit's decision in *Sayles* is directly on point, and is binding authority on this Court. Because the fact pattern in *Sayles* is extremely similar to the instant case with respect to PRA's § 1692e(8) violations, Plaintiff requests this court consider the Fifth Circuit's reasoning regarding Plaintiff's Article III standing to pursue his case here.

10.     To the best of Plaintiff's counsel's knowledge, *Sayles* is the only Federal Appellate case to directly address standing in the context of a violation of 15. U.S.C. § 1692e(8).

WHEREFORE, for the foregoing reasons, Plaintiff Luis Tejero respectfully moves this Court for an Order allowing him to supplement authority in support of Plaintiff's Motion for Summary Judgment.

By: s/*Celetha Chatman*<br>One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

## CERTIFICATE OF CONFERENCE FOR PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

I hereby certify that I attempted to confer with counsel of record for all defendants, on July 11, 2017, regarding Plaintiff's request for the relief sought in this motion. Defendants have not responded as to whether the motion is opposed.

By: s/*Celetha Chatman*
Celetha Chatman

## CERTIFICATE OF SERVICE

I, Celetha Chatman, any attorney, hereby certify that on July 13, 2017, I electronically filed the foregoing document via CM/ECF system, which will send notification of such filing to all attorneys of record.

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com