FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

17 JUL 27  PM 4: 37

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**LUIS TEJERO,**
          **Plaintiff,**

-vs-                                                    **Case No.  A-16-CA-767-SS**

**PORTFOLIO RECOVERY ASSOCIATES, LLC
and WESTERN SURETY COMPANY,
          Defendants.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Portfolio Recovery Associates, LLC (PRA) and Western Surety Company (Western) (collectively, Defendants)' Motion for Summary Judgment [#28], Plaintiff Luis Tejero (Plaintiff)'s Response [#29] in opposition, and Defendants' Reply [#30] in support; Plaintiff's Motion for Leave to File Supplemental Authority [#31] and Defendants' Response [#33] in opposition; and Plaintiff's Motion to Reconsider the Ruling Denying Summary Judgment [#32] and Defendants' Response [#34] in opposition. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

**I.      Factual History**

This lawsuit concerns PRA's efforts to collect Plaintiff's outstanding credit card debt (the Debt) after Plaintiff defaulted. Compl. [#1] ¶¶ 13–22.

On January 29, 2016, PRA received a faxed letter listing Plaintiff as the sender and stating the following:

I am writing to you regarding the account referenced above. I refuse to pay this debt.

> My monthly expenses exceed my monthly income; as such there is no reason for you to continue contacting me, and the amount you are reporting is not accurate either. If my circumstances should change I will be in touch.[1]

Compl. [#1-1] Ex. B (Debt Letter). Sometime during March 2016, PRA informed a consumer reporting agency of the Debt. PRA reported a balance of $2,211.00 on the Debt and did not indicate the Debt was disputed.

## II.    Procedural History

On June 24, 2016, Plaintiff filed a complaint in this Court alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, and the Texas Debt Collection Act (TDCA), TEX. FIN. CODE § 392.001–404, against PRA and Western. Compl. [#1]. In particular, Plaintiff claims PRA violated the FDCPA and TDCA by failing to report the Debt was disputed. Compl. [#1] ¶¶ 12–38. Western is the surety company for the bond PRA has on file with the Texas Secretary of State. *Id.* ¶ 11.

On March 17, 2017, Plaintiff filed a motion for summary judgment. Pl.'s Mot. Summ. J. [#18]. Following Defendants' response, the Court entered an order denying Plaintiff's motion. Order of Apr. 6, 2017 [#27] at 1–2. In particular, the Court denied summary judgment for the same reasons the Court specified in its order "in Cause No. 16-CV-628, styled <u>Nicholas Palomo v. Portfolio Recovery Associates, LLC and Western Surety Company</u>, issued on April 3, 2017."[2] *Id.*

Subsequently, Defendants filed a motion for summary judgment on May 24, 2017, Defs.' Mot. Summ. J. [#28], which was fully briefed. *See* Pl.'s Resp. [#29]; Defs.' Reply [#30]. Plaintiff then

---

[1] This letter is identical to letters allegedly submitted by other debtors in several other cases before this Court.

[2] In *Palomo,* the Court denied the plaintiff's motion for summary judgment because "the alleged letter relied on by the plaintiff Palomo in this case and its further consequences establishes a factual issue that should be determined by the fact finder." Order, *Palomo v. Portfolio Recovery Associates, LLC*, No. 1:16-cv-00628 (W.D. Tex. Apr. 3, 2017), ECF No. 26 (*Palomo* Order). The Court also observed the *Palomo* case was "a minor case featuring only the aspiration of attorney's fees . . . filed by counsel who has multiple similar cases for a party that has no damages . . . ." *Id.*

filed a motion for leave to file supplemental authority as well as a motion for reconsideration of the Court's denial of his motion for summary judgment. Pl.'s Mot. Leave [#31]; Pl.'s Mot. Recons. [#32]. The pending motions are now ripe for the Court's consideration.

## Analysis

### I.      Legal Standards

### A.      Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party makes an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343

(5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## B.      Reconsideration

The Court construes Plaintiff's motion for reconsideration as a Rule 54(b) motion because it asks the Court to reconsider its denial of Plaintiff's motion for summary judgment. *See* FED. R. CIV. P. 54(b) (giving a district court discretion to "revise[] at any time before the entry of a judgment" "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"). Although a district court's discretion to reconsider its orders is broad, "it is exercised rarely to avoid the perpetual reexamination of orders and the resulting burdens and delays." *Iturralde v. Shaw Grp., Inc.,* No. CIV.A. 05-330, 2012 WL 1565356, at *3 (M.D. La. May 1, 2012) (citations omitted), *aff'd,* 512 F. App'x 430 (5th Cir. 2013).

"Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court . . . [a]nd the standard would appear to be less exacting than that imposed by Rules 59 and 60." *Cantwell Family Tr. (1998) & Cantwell Holdings, Ltd. v. Hyten,* No. A-15-CA-414-SS, 2016 WL 1610610 at *2 (W.D. Tex. Apr. 20, 2016) (citing *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009)). In examining a Rule 54(b) motion to reconsider, however, "considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Id.* In particular, a Court considers "whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification . . . ." *Dos Santos* , 651 F. Supp. 2d at 553 (citations omitted).

## II.    Application

As an initial matter, the Court first considers Plaintiff's motion for leave to file supplemental authority. *See* Pl.'s Mot. Leave [#31]. Plaintiff seeks leave to draw the Court's attention to *Sayles v. Advanced Recovery Sys., Inc.*, No. 16-60640, 2017 WL 2872343 (5th Cir. July 6, 2017). *See id.* However, the Court is very familiar with *Sayles* and has even cited it in one of the many cases filed by Plaintiff's attorneys. *See Ozmun v. Portfolio Recovery Associates*, No. A-16-CA-940-SS (W.D. Tex. July 24, 2017) [#79] (quoting *Sayles*, 2017 WL 2872343, *3). The Court therefore DENIES Plaintiff's motion for leave to file supplemental authority. The Court now turns to the merits of Defendants' motion for summary judgment followed by Plaintiff's motion for reconsideration.

A.  **Defendants' Motion for Summary Judgment**

As stated above, Plaintiff alleges violation of the FDCPA and the TDCA. Defendants ask the Court to grant summary judgment in their favor, arguing Plaintiff has no standing for claims under either statute.

  i.  **Standing for FDCPA claim**

Defendants argue Plaintiff cannot establish a concrete injury-in-fact sufficient to confer federal standing. Defs.' Mot. Summ. J. [#28] at 3–6. Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To meet the standing requirement a plaintiff must show (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000); *Consol. Cos., Inc. v. Union Pacific R.R. Co.*, 499 F.3d 382, 385 (5th Cir. 2007); *Fla. Dep't of Ins. v. Chase Bank of Tex. Nat'l Ass'n*, 274 F.3d 924, 929 (5th Cir. 2001) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

As alluded to above, the Fifth Circuit recently examined standing in a case where the plaintiff alleged the debt collector failed to mark debts as "disputed" in violation of the FDCPA. *See Sayles*, 2017 WL 2872343, at *1, 3 (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545–50 (2016)). There,

the Fifth Circuit affirmed the district court's holding that the plaintiff satisfied all elements of standing. *Id.* at *3. In particular, the Fifth Circuit noted the violation of a procedural right granted by statute can be sufficient to constitute injury in fact "where a statutory violation creates the risk of real harm." *Id.* (quoting *Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016) (quoting *Spokeo*, 136 S.Ct. at 1549)) (internal quotation marks omitted). The Fifth Circuit concluded the failure to mark a debt as disputed "exposed [plaintiff] to a real risk of financial harm caused by an inaccurate credit rating." *Id.* (citations omitted). Therefore, the Fifth Circuit held the district court did not err in finding the plaintiff's injury was concrete. *Id.*

The Fifth Circuit's recent holding in *Sayles* is instructive in this case. Just as the failure to mark the debt as disputed exposed the plaintiff in *Sayles* to a real risk of financial harm caused by inaccurate credit rating, here too the alleged failure to mark the Debt as disputed exposed Plaintiff to a real risk of financial harm. *See Sayles*, 2017 WL 2872343, at *3. Therefore, Plaintiff's injury is concrete and he has standing to assert his claim under the FDCPA.

ii.   **Standing for TDCA claim**

Defendants also argue Plaintiff lacks standing to assert a claim under the TDCA. Defs.' Mot. Summ. J. [#28] at 6–7. Specifically, Defendants argue Plaintiff cannot prove he suffered damages caused by PRA's alleged failure to mark the Debt as disputed. *Id.*

For a cause of action under the TDCA, a party may sue for either injunctive relief or "for actual damages sustained as a result of a violation of this chapter." TEX. FIN. CODE § 392.403(a).[3] The Texas Supreme Court has not defined the scope of § 392.403(a), but "the rule suggested by [Texas] cases and supported by a plain reading of the statutory text is that persons who have

_____

[3] Plaintiff makes no argument he is seeking injunctive relief so the Court does not consider this ground for TDCA standing. *See* Resp. [#29].

sustained actual damages from a TDCA violation have standing to sue." *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 473 (5th Cir. 2015) (citing § 382.403(a)). Actual damages are those damages recoverable under common law, such as direct or consequential damages. *Alanis v. US Bank Nat'l Ass'n*, 489 S.W.3d 485, 512 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.3d 812, 816 (Tex. 1997)). Under Texas law, mental anguish is a form of actual damages. *McCaig*, 788 F.3d at 473 (citation omitted).

Plaintiff does not directly respond to Defendants' argument he cannot show actual damages to support a cause of action under the TDCA. *See* Pl.'s Resp. [#29]. However, in responding to Defendants' claim Plaintiff lacked standing under the FDCPA, Plaintiff asserts "he has been upset and worried for over a year about his credit score and the debt's impact." *Id.* at 9. Plaintiff relies on his declaration, in which claims he checked his credit score in March 2016 and his anxiety stems from "both the debt and PRA's failure to mark the debt as disputed." *Id.* [#29-2] (Pl.'s Decl.) ¶ 12.

By contrast, Defendants cite Plaintiff's deposition testimony to show Plaintiff suffered general anxiety from being in debt rather than from PRA's failure to mark the Debt as disputed:

> Q.    And so what did PRA actually do to cause you anxiety?
> A.    The calls and the debt is getting bigger

Defs.' Mot. Summ. J. [#28] at 6–7 (quoting Pl.'s Dep. at 40:12–14). Moreover, Defendants quote Plaintiff's deposition testimony where he admitted he only checked his credit score in January 2016, before PRA allegedly failed to report the Debt as disputed to the consumer debt reporting agency. *Id.* at 4 (quoting Pl.'s Dep. at 26:24–27:1, 27:6–27:8). Plaintiff does not address the contradictions between his declaration and his deposition testimony. *See* Pl.'s Resp. [#29].

In light of those contradictions, Defendants argue Plaintiff's declaration should be disregarded under the "sham affidavit" doctrine. Defs.' Reply [#30] at 4–5. The Court agrees. "A

motion for summary judgment cannot be defeated 'by submitting an affidavit which directly contradicts, without explanation, [an affiant's] previous testimony." *GBP Partners, Ltd. v. Md. Cas. Co.*, 505 F. App'x 389, 391 (5th Cir. 2013) (quoting *Powell v. Dallas Morning News, L.P.*, 776 F. Supp. 2d 240, 246–47 (N.D. Tex.2011)). "Courts have consistently disregarded such sham affidavits as nothing more than an attempt to manufacture a disputed material fact where none exists." *Powell*, 776 F. Supp. 2d at 247 (quotation marks and citation omitted). Thus, the Court sustains Defendants' objections and disregards Plaintiff's declaration where it contradicts his previous testimony. *See id.*

Consequently, Plaintiff identifies no competent summary evidence to support his claim he suffered actual damages caused by PRA's alleged failure to mark the Debt as disputed. Because Plaintiff fails to show he suffered any actual damages, he has no standing to assert a claim under the TDCA. Therefore, the Court grants Defendants' motion for summary judgment on Plaintiff's TDCA claim.

As Plaintiff's claim against Western only stems from the bond the insurance company issued on behalf of PRA for liability under Texas law, the Court also grants summary judgment in Western's favor. *See* TEX. FIN. CODE § 392.102 ("A person who claims against a bond for a violation of this chapter may maintain an action against the third-party debt collector or credit bureau and against the surety.").

## B.    Plaintiff's Motion for Reconsideration

Plaintiff asks this Court to reconsider its denial of Plaintiff's motion for summary judgment in light of the recent *Sayles* decision. *See* Pl.'s Mot. Recons. [#32]. Specifically, Plaintiff requests reconsideration because "*Sayles* clearly confirms that Plaintiff has Article III standing." *Id.* at 5. But the Court did not deny Plaintiff's motion for summary judgment on standing grounds. Order of Apr.

6, 2017 [#27] at 1–2. Instead, the Court denied summary judgment for the same reasons it denied the plaintiff's motion for summary judgment in *Palomo*, namely "the alleged letter relied on by the plaintiff . . . establishes a factual issue that should be determined by the fact finder." *Id.*; *Palomo* Order.

Nothing in Plaintiff's motion for reconsideration suggests the Court erred in denying his summary judgment motion. In his summary judgment motion, Plaintiff argued the Debt letter "constituted a dispute because it 'called into question'[ ]or 'evinced the intention to dispute' the alleged debt. Pl.'s Mot. Summ. J. [#18] at 11. On the other hand, PRA argued it accurately reported the Debt to the consumer debt reporting agency because Plaintiff did not actually dispute the Debt. Defs.' Resp. Pl.'s Mot. Summ. J. [#20] at 13–15. PRA insinuated that Plaintiff's attorneys fabricated the alleged dispute and provided evidence Plaintiff's attorneys submitted multiple letters to PRA with the exact same language on behalf of several clients. *Compare* Debt Letter *with* Defs.' Resp. [#20-3, 4, 5] Ex. C, D, E (identical letters sent to PRA from other debtors such as the plaintiff in *Palomo*).

Consequently, there is no indication the Court erred in concluding a fact issue exists on whether Plaintiff actually disputed the Debt when the Debt letter was sent to PRA. Evidence that Plaintiffs' attorneys are involved in a scheme to force settlements from debt collectors by abusing the FDCPA may well be relevant for this issue and provide support for sanctions.[4] The Court therefore DENIES Plaintiff's motion for reconsideration.

## Conclusion

As explained in this order, the Court grants Defendants' motion for summary judgment on Plaintiff's TDCA claim for lack of standing. However, Plaintiff's FDCPA claim against PRA

---

[4] Whether PRA is eligible for the *bona fide* error defense is an additional fact issue remaining for trial. *See* Defs.' Resp. Pl.'s Mot. Summ. J. [#20] at 18–19.

survives. Additionally, because fact issues remain, Plaintiff's motion for reconsideration of the Court's denial of his summary judgment motion is denied.

Following trial, sanctions—including attorneys fees and costs—will be considered. This case has the appearance of being a lawsuit misusing the statutes involved. The undersigned is charged with the responsibility of judgments based on factual determinations including alleged damages, costs, and attorneys' fees. Those decisions will be guided by the apparent lack of good faith in this case.

Accordingly,

IT IS ORDERED that Plaintiff Luis Tejero's Motion for Leave to File Supplemental Authority [#31] is DENIED;

IT IS FURTHER ORDERED that Defendants PRA and Western's Motion for Summary Judgment [#28] is GRANTED IN PART and DENIED IN PART as described in this opinion; and

IT IS FINALLY ORDERED that Plaintiff Luis Tejero's Motion to Reconsider the Ruling Denying Summary Judgment [#32] is DENIED.

SIGNED this the __27__ day of July 2017.

_/Bam Sparks_

SAM SPARKS
UNITED STATES DISTRICT JUDGE