## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

LUIS TEJERO,

**Plaintiff,**

–vs–

**PORTFOLIO RECOVERY ASSOCIATES
LLC and WESTERN SURETY COMPANY,**
**Defendants,**

CAUSE NO.:
AU-16-CV-767-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Portfolio Recovery Associates, LLC (PRA) and Western Surety Company (Western)'s Motion for Sanctions and Attorneys' Fees [#42], Plaintiff Luis Tejero's Response [#45] in opposition, Defendants' Reply [#50] thereto, Plaintiff's Motion for Attorney Fees and Costs [#43], and Defendant's Response [#44] in opposition. Having reviewed the documents, the governing law, the arguments of counsel, and the file as a whole, the Court now enters the following opinion and orders.

### Background

I.      **Factual History**

As the Court previously recounted, this lawsuit concerns PRA's efforts to collect Plaintiff's outstanding credit card debt (the Debt) after Plaintiff defaulted. Compl. [#1] ¶¶ 13–22.

On January 29, 2016, PRA received a faxed letter listing Plaintiff as the sender and stating the following:

> I am writing to you regarding the account referenced above. I refuse to pay this debt. My
> monthly expenses exceed my monthly income; as such there is no reason for you to

1

continue to contacting me, and the amount you are reporting is not accurate either. If my circumstances should change I will be in touch.

*Id.* [#1-1] Ex. B (Debt Letter). Sometime during March 2016, PRA informed a consumer reporting agency of the Debt. Pl.'s Mot. Summ. J. [#18] at 3. PRA reported a balance of $2,211.00 and did not indicate the Debt was disputed. *Id.*

## II.  Procedural History

On June 24, 2016, Plaintiff filed a complaint in this Court alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, and the Texas Debt Collection Act (TDCA), Texas Finance Code §§ 392.001–392.404, against PRA and Western. Compl. [#1]. Plaintiff claimed PRA violated the FDCPA and TDCA by failing to report the Debt was disputed. Compl. [#1] ¶¶ 12–38.[1] Western is the surety company for the bond PRA has on file with the Texas Secretary of State. *Id.* ¶ 11.

Plaintiff filed a motion for summary judgment, which the Court denied as fact issues remained. Order of Apr. 6, 2017 [#27]. Subsequently, Defendants filed a motion for summary judgment, which the Court granted in part and denied in part. Order of July 27, 2017 [#36]. In particular, the Court found Plaintiff had no standing for his TDCA claim because Plaintiff offered no evidence he suffered actual damages, a necessary condition to establish a TDCA claim. *Id.* at 7–9. On the other hand, the Court denied summary judgment on Plaintiff's FDCA claim because a fact issue existed concerning whether Plaintiff actually disputed the Debt via the Debt Letter. *Id.* at 10–11. Likewise, the Court denied Plaintiff's motion for reconsideration of his summary judgment motion. *Id.* at 9–11.

---

[1] The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes a false representation of "the character amount or legal status of any debt . . . ." 15 U.S.C. § 1692e.

Trial was set for May 2018, but the parties filed a joint notice of settlement early in February 2018. Settlement Notice [#39]. The Court then ordered both parties to submit motions for attorneys' fees, which are ripe for consideration.

**Analysis**

## I.    Legal Standards

### A.    Attorneys' Fees Under 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To find a party multiplied proceedings "unreasonably" and "vexatiously," there must "be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002). Section 1927 authorizes "shifting fees that are associated with the persistent prosecution of a meritless claim." *Id.* (quotation omitted). "To shift the entire cost of defense," the party requesting sanctions "must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless . . . and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial . . . ." *Id.* at 526 (emphasis in original) (internal citations omitted).

### B.    Attorneys' Fees Under 15 U.S.C. § 1692k(a)(3)

A party prevailing on an FDCPA claim is entitled to "the costs of the action, together with any reasonable attorney's fee . . . ." 15 U.S.C. § 1692k(a)(3); *see also Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 44 (5th Cir. 2008). However, if the court finds an

FDCPA action "was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." *Id.* The terms "bad faith" and "harassment" indicate "more than simply bad judgment or negligence" and imply "the conscious doing of a wrong because of a dishonest purpose or moral obliquity." *Rodriguez v. IC Sys.*, No. EP-16-CV-00186-DCG, 2017 WL 2105679, at *2 (W.D. Tex. May 12, 2017) (first citing *Cunningham v. Credit Mgmt., L.P.*, No. 3:09–CV–1497–G, 2010 WL 3791049, at *2 (N.D. Tex. Sept. 27, 2010); and then citing *Grant v. Barro*, No. 07–194–JJB–DLD, 2007 WL 3244986, at *1 (M.D. La. Nov. 1, 2007)).

## B.    Sanctions under Federal Rule of Civil Procedure 11

Rule 11 permits the Court to impose an appropriate sanction if a pleading, motion, or other paper is presented for any improper purpose, such as to harass or needlessly increase the cost of litigation, or if the claims or arguments therein are frivolous. *See* FED. R. CIV. P. 11(b). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of federal court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The court must carefully choose sanctions that further the purpose of the Rule and should impose the least severe sanctions that would adequately deter its violation. *See Thomas v. Capital Security Servs., Inc.*, 836 F.2d 866, 875–76 (5th Cir. 1988). When warranted, sanctions may include an order directing payment to an opposing party of some or all of the reasonable attorneys' fees or costs incurred as a result of the violation. *See* FED. R. CIV. P. 11(c)(2); *Merriman v. Security Ins. Co. of Hartford*, 100 F.3d 1187, 1191 (5th Cir. 1996).

The Court also possesses inherent power to "protect the efficient and orderly administration of justice . . . [and] to command respect for the court's orders, judgments,

procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *See Mendoza v. Lynaugh*, 898 F.2d 191, 195–97 (5th Cir. 1993).

## II.     Application

As directed by this Court, the parties filed cross-motions for attorneys' fees. Arguing he is a prevailing party, Plaintiff contends he is entitled to the payment of costs and attorneys' fees under 15 U.S.C. § 1692k(a)(3). By contrast, Defendants claim sanctions are appropriate against Plaintiff's counsel under both 28 U.S.C. § 1927 and 15 U.S.C. § 1692k(a)(3) because Plaintiff's counsel abused the FDCPA, brought this lawsuit in bad faith, failed to communicate Defendants' offer of settlement to Plaintiff, and needlessly continued this case.

The Court declines to award attorneys' fees under 28 U.S.C. § 1927.[2] Instead, the Court finds the actions of Plaintiff's counsel merit sanctions under 15 U.S.C. § 1692k(a)(3) and Federal Rule of Civil Procedure 11 and therefore awards Defendants reasonable attorneys' fees and costs. The Court first reviews why the conduct of Plaintiff's counsel warrants sanctions before examining a reasonable fee award for Defendants.

## A.     Conduct of Plaintiff's Counsel

The Court sanctions Plaintiff's counsel for three overarching reasons. First, Plaintiff's counsel violated the scheduling order entered in this case. The scheduling order required "[t]he parties asserting claims for relief [to] submit a written offer of settlement to opposing parties by October 5, 2016, and each opposing party [to] respond, in writing, by October 19, 2016." Order of Sept. 28, 2016 [#13] ¶ 2. The scheduling order also mandated the parties "retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees at the

---

[2] The Court refuses to award attorneys' fees under 28 U.S.C. § 1927 in part because the Plaintiff in this case did not "persist[] in . . . prosecution through discovery, pre-trial motions, and trial." *See Procter & Gamble Co.*, 280 F.3d at 526.

conclusion of trial." *Id.* On October 4, 2016, Defendants offered Plaintiff $1,101.00 plus reasonable attorneys' fees and taxable costs to conclude this suit. *See* Defs.' Motion Sanctions [#42-1] Ex. A (Offer).

It is undisputed Plaintiff failed to submit a written offer of settlement and failed to respond in writing to Defendants' settlement offer. *See id.* [#42] ¶¶ 1,3; Resp. Defs.' Mot. Sanctions [#45] (failing to offer any evidence or statement Plaintiff's counsel submitted an offer of settlement or responded to Defendants' offer); Pl.'s Mot. Att'ys' Fees [#43] (same). As a result, Plaintiff violated this Court's scheduling order. On this ground alone, the Court finds the conduct of Plaintiff's counsel merits sanctions.

Second, Plaintiff's counsel continued to litigate this case despite a settlement offer from Defendants that Plaintiff indicated would make him whole. Plaintiff's deposition, taken March 14, 2017, reveals Plaintiff never rejected or responded to Defendants' settlement offer of $1,110.00 plus attorneys' fees and costs. Defs.' Mot. Att'ys' Fees [#42-2] Ex. B (Pl.'s Dep.) at 51:19–52:15. Rather, Plaintiff indicated in his deposition a $1,000 payment would make him whole and conclude this case. *Id.* at 52:18–54:1. Despite evidence Plaintiff suffered no actual damages and numerous warnings from the Court that this case only concerned a technical violation, this lawsuit continued.[3] Even after Plaintiff stated under oath $1,000 would satisfy his harm, Plaintiff's counsel did not settle this lawsuit. Instead, Plaintiff's counsel filed a motion for summary judgment, which this Court denied, and a motion for reconsideration of that denial. *See* Pl.'s Mot. Summ. J. [#18]; Mot. Recons. [#32].

Third, Plaintiff's counsel brought this lawsuit in bad faith and for harassment purposes. As the Court previously remarked, this case is nearly identical to several other FDCPA cases

---

[3] Where a plaintiff suffered no actual damages and only alleges a technical violation of the FDCPA—as is the case here—the plaintiff can recover a maximum of $1,000 plus costs and attorneys' fees. *See* 15 U.S.C. § 1692k(a).

pending in the Western District of Texas. Plaintiff's counsel represents a series of individual debtor plaintiffs who all faxed a letter with the exact same language to debt collectors they then sued for failing to acknowledge the debt was disputed. *Compare* Debt Letter, *and* Amended Complaint [#53-1] Ex. F (Ozmun's Letter), *Ozmun v. Portfolio Recovery Associates LLC et al.*, No. 1:16-cv-940, *with* Complaint [#1-1] Ex. A (Palomo's Letter), *Palomo v. Portfolio Recovery Associates, LLC et al.*, No. 1:16-cv-628, *and* Complaint [#1-1] Ex. E (Jones's Letter), *Jones v. Midland Funding, LLC et al.*, No. 1:16-cv-592.

Plaintiff's deposition reveals Plaintiff's counsel wrote the Debt Letter and Plaintiff merely reviewed it. Pl.'s Dep. at 22:23–23:23. As the two lead attorneys representing Plaintiff assert they have "substantial experience in FDCPA litigation," there is no legitimate reason why Plaintiff's experienced counsel should have repeatedly failed to draft a letter clearly communicating the debt was disputed. *See* Pl.'s Mot Att'ys' Fees [#43-1] Ex. B (Wood Decl.) ¶ 6, Ex. C (Chatman Decl.) ¶ 6.

Instead, the evidence shows Plaintiff's counsel is involved in a scheme to force settlements from debt collectors by abusing the FDCPA. Plaintiff's counsel represents unsophisticated debtors who cannot afford to pay their credit card debt and sends the same ambiguously worded letter on each debtor's behalf to the respective debt collector. Viewing the letter as it was intended by Plaintiff's counsel, the debt collector understands the letter to say the debtor cannot afford to pay the debt. The debt collector then fails to mark the debt as disputed and Plaintiff's counsel files suit for violation of the FDCPA. Facing the high costs of discovery and trial, the debt collector settles the lawsuit, paying the debtor's attorneys' fees.

The actions of Plaintiff's counsel subvert Congress's intentions in enacting the FDCPA. Congress articulated three purposes for the FDCPA: "[(1)] to eliminate abusive debt collection

practices by debt collectors, [(2)] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and [(3)] to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Rather than merely holding debt collectors accountable for abusive practices, Plaintiff's counsel deliberately exposes debt collectors to liability, inhibiting debt collection and increasing its costs. Thus, the Court finds Plaintiff's counsel brought this lawsuit in bad faith.

Because Plaintiff's counsel violated the scheduling order in this case, continued to litigate this case despite a settlement offer from Defendants that Plaintiff indicated would make him whole, and brought this lawsuit in bad faith, the Court sanctions Plaintiff's counsel by awarding Defendants reasonable attorneys' fees.

**B.      Reasonable Attorneys' Fees**

Defendants request $13,377.76 in attorneys' fees and $572.62 in costs. The Court finds Defendants' requested attorneys' fees and costs reasonable and awards Defendants a total of $13,950.38.

The Fifth Circuit uses a two-step process to calculate attorney's fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). First, a court calculates a "lodestar" figure "by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community" for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*; *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). In so doing, the court considers whether the attorneys demonstrated proper billing judgment by "writing off unproductive, excessive, or redundant hours." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

After calculating the lodestar, the court may increase or decrease it based on the following factors: (1) the time and labor required by the litigation; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Heidtman*, 171 F.3d at 1043 n.5 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

Here, Defendants provide the time sheets of their attorneys, demonstrating they expended ninety-five hours defending this case. *See* Defs.' Mot. Att'ys' Fees [#42-2] Ex. D (Time Sheets). The Court finds this number reasonable as Defendants filed an answer, completed discovery, filed a motion for summary judgment, and defended against an opposing motion for summary judgment as well as a motion for reconsideration. Furthermore, Defendants show the rates they charged are appropriate for the Austin, Texas community. For example, Defendants charged an hourly rate of $225 for the work of a senior partner, $200 for that of a junior partner, and $175 for an associate. *See* Defs.' Mot. Att'ys' Fees [#42-2] Ex. C (Malone Decl.). Such rates are in line with, if not below, the rates of the Austin legal market and are in line with what this Court has previously awarded.[4] *See Ozmun v. Portfolio Recovery Assocs., LLC*, No. A-16-CA-940-SS, 2018 WL 912286, at *3 (W.D. Tex. Feb. 15, 2018); *Am. Acad. of Implant Dentistry v. Parker*,

---

[4] This Court frequently looks to the State Bar of Texas Hourly Rate Report as a reference on reasonable hourly rates in the relevant legal market. *See* State Bar of Texas Department of Research and Analysis, 2015 Hourly Fact Sheet (2015), https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=34182.

No. AU-14-CA-00191-SS, 2018 WL 401818, at *6–7 (W.D. Tex. Jan. 11, 2018). Thus, the Court finds the request of $13,377.76 in attorneys' fees reasonable.

Plaintiff objects to Defendants' requested attorneys' fees, arguing Defendants' fees should be reduced because Defendants improperly seek compensation for clerical work. Resp. Defs.'s Mot. Att'ys' Fees [#45] at 11–14. For example, Plaintiff complains drafting motions, reviewing filings, preparing exhibits, and preparing email responses to the Court are clerical tasks for which Defendants cannot be compensated. *Id.* at 13–14. But the activities to which Plaintiff objects are legal in nature, not clerical. *Cf. Tow v. Speer*, No. CV H-11-3700, 2015 WL 12765414, at *9 (S.D. Tex. Aug. 17, 2015) (identifying scanning, creating notebooks, creating spreadsheets, and preparing mailings as clerical tasks). The Court therefore declines to reduce Defendants' award of attorneys' fees.

Finally, the Court also finds Defendants are entitled the cost of obtaining the transcript of Plaintiff's deposition and the photocopies necessary for use in this case. *See* 28 U.S.C. § 1920 (authorizing a court to tax as costs fees for printed transcripts and for making copies of materials). The Court thus awards Defendants $572.62 in costs.

## Conclusion

The Court sanctions Plaintiff's counsel for violating this Court's scheduling order, continuing to litigate this case despite a settlement offer from Defendants that Plaintiff indicated would make him whole, and bringing this case in bad faith. The Court therefore awards Defendants $13,950.38—$13,377.76 in attorneys' fees and $572.62 in costs.

Accordingly,

IT IS THEREOFRE ORDERED that Plaintiff Luis Tejero's Motion for Attorney Fees and Costs [#43] is DENIED;

IT IS FURTHER ORDERED that Defendants Portfolio Recovery Associates, LLC and Western Surety Company's Motion for Sanctions and Attorneys' Fees [#42] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's counsel in this case SHALL PAY THIRTEEN THOUSAND, NINE HUNDRED FIFTY AND 38/100 DOLLARS ($13,950.38) to Defendants Portfolio Recovery Associates, LLC and Western Surety Company for attorneys' fees and costs incurred as a result of this litigation; and

IT IS FINALLY ORDERED that, if there are no pending issues in this case, the parties SHALL FILE a final notice of settlement with a proposed order dismissing this case. If any issues remain, the parties SHALL FILE a notice so advising the Court.

SIGNED this the 2nd day of ~~March~~ april 2018.

SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE