UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LUIS TEJERO, | § | No. 1:16–CV–767–SS |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES LLC and WESTERN | § | |
| SURETY COMPANY, | § | |
| | § | |
| Defendants. | § | |

ORDER DENYING PLAINTIFF'S MOTION
TO RECUSE JUDGE SPARKS (DKT. # 56)

Before the Court is a Motion to Recuse Judge Sparks ("Motion to Recuse") filed by Luis Tejero ("Plaintiff") on April 26, 2018. (Dkt. # 56.) On May 1, 2018, this matter was referred by Chief Judge Orlando Garcia to the undersigned for resolution.[1] (Dkt. # 60.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memorandum and exhibits filed in support of the motion, the Court—for the reasons that follow—**DENIES** Plaintiff's Motion to Recuse Judge Sparks (Dkt. # 56).

---

[1] On April 26, 2018, the case was also reassigned from Judge Sparks to Chief Judge Garcia for the limited purpose of referring the matter to another judge for review and decision. (Dkt. # 58.)

BACKGROUND

On June 24, 2016, Plaintiff filed the instant case against Defendants Portfolio Recovery Associates, LLC ("PRA") and Western Surety Company ("Western Surety") (collectively, "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Texas Fair Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code § 392.001, et seq. (Dkt. # 1.) According to Plaintiff, Defendants attempted to collect on Plaintiff's outstanding credit card debt after Plaintiff defaulted. (Id. ¶¶ 13–22.) Plaintiff faxed a letter to Defendants contesting the amount due. (Id. ¶¶ 15, 16.) Sometime thereafter, Defendants reported the debt to a consumer reporting agency, but did not indicate that the debt was disputed. (Id. ¶¶ 20–22.) Plaintiff claims that Defendants materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute. (Id. ¶ 24.)

On March 17, 2017, Plaintiff filed a Motion for Summary Judgment as to both of his claims (Dkt. # 18), to which Defendants filed a response in opposition (Dkt. # 20). On April 6, 2017, Judge Sparks denied the motion, finding that fact issues remained and summary judgment was not appropriate at that time. (Dkt. # 27.) On May 24, 2017, Defendants filed a Motion for Summary Judgment (Dkt. # 28), to which Plaintiff filed a response (Dkt. # 29) and Defendants then replied (Dkt. # 30). On July 14, 2017, Plaintiff also filed a Motion for

2

Reconsideration of Judge Sparks' Order Denying Plaintiff's Motion for Summary Judgment ("Motion for Reconsideration"). (Dkt. # 32.) On July 27, 2017, Judge Sparks granted in part and denied in part Defendants' Motion for Summary Judgment, finding that: (1) Plaintiff did not have standing to raise his TDCPA claims because Plaintiff failed to provide evidence of actual damages, and (2) that genuine fact issues remained as to Plaintiff's FDCPA claim. (Dkt. # 36.) In the same order, Judge Sparks denied Plaintiff's Motion for Reconsideration. (Id. at 9–11.)

On February 1, 2018, the parties filed a Joint Notice of Settlement. (Dkt. # 39.) Judge Sparks ordered the trial date be vacated and that the parties submit their requests for attorney's fees by February 26, 2018. (Dkt. # 41.) On February 26, 2018, Plaintiff timely filed a Motion for Attorney Fees and Costs (Dkt. # 43), and Defendants timely filed a Motion for Sanctions and Attorney's Fees (Dkt. # 42). On April 2, 2018, Judge Sparks granted Defendants' Motion for Sanctions and Attorney's Fees (Dkt. # 42) and denied Plaintiff's Motion for Attorney Fees and Costs (Dkt. # 43). In the April 2, 2018 order, Judge Sparks found that Plaintiff's counsel's conduct merited sanctions because counsel: (1) violated the Court's scheduling order; (2) continued to litigate the case despite a pending settlement offer from Defendants that would make Plaintiff whole; and (3) had brought the suit in bad faith and for purposes of harassment. ("Sanctions

3

Order," Dkt. # 52.)  In specific regard to the finding of bad faith, Judge Sparks explained that the instant case is "nearly identical to several other FDCPA cases pending in the Western District of Texas[,]" where "Plaintiff's counsel represents a series of individual debtor plaintiffs who all faxed a letter with the exact same language to debt collectors they then sued for failing to acknowledge the debt was disputed."  (Id. at 6–7 (citing cases).)  Judge Sparks further stated that "the evidence shows Plaintiff's counsel is involved in a scheme to force settlements from debt collectors by abusing the FDCPA[,]" by "send[ing] the same ambiguously worded letter on each debtor's behalf to the respective debt collector."  (Id. at 7.)  Such action, Judge Sparks found, constituted bad faith.  (Id. at 8.)

On April 26, 2018, Plaintiff filed the instant Motion for Recusal, arguing that Judge Sparks has personal knowledge of disputed evidentiary facts acquired in part from cases that are not before him.  (Dkt. # 56 at 2.)  As support for this contention, Plaintiff cites to a letter Judge Sparks sent to the Disciplinary Committee for the Western District of Texas ("Disciplinary Committee") in January 2018.  (Dkt. # 56-1.)  In the letter, Judge Sparks referred Plaintiff's counsel, who was also representing a debtor-plaintiff in a separate FDCPA case against *inter alia* PRA and Western Surety, to the Disciplinary Committee for "what appears to be unprofessional and unethical conduct."  (Dkt. # 56; Dkt. # 56-

1.) Based on Plaintiff's counsel's conduct in the earlier case before Judge Sparks and other cases filed in the Western District, Judge Sparks explained to the Disciplinary Committee that there was evidence to suggest the attorneys were conducting a "scheme to force settlements from debt collectors by abusing the FDCPA." (Dkt. # 56-1 at 2.) Judge Sparks requested a recommendation from the Disciplinary Committee as to whether the attorneys should be allowed to practice in the Western District of Texas and, if so, whether any restrictions should be applied. (Id. at 3.)

It is the confluence of the letter to the Disciplinary Committee and Judge Sparks' findings in the Sanctions Order that Plaintiff contends evinces Judge Sparks' "personal bias or prejudice in favor of the Defendants in this case." (Dkt. # 56 at 2.) Plaintiff argues that the bases of Judge Sparks' findings in the Sanctions Order were acquired extra-judicially, and that Judge Sparks should be recused from presiding over the instant case. (Id.)

## LEGAL STANDARD

Under 28 U.S.C. § 144, whenever a party files a timely and sufficient affidavit that the presiding judge has a personal bias or prejudice either for or against said party, such judge shall proceed no further and another judge shall decide the issue. 28 U.S.C. § 144. Under 28 U.S.C. § 455, a judge may be disqualified where the judge's impartiality might reasonably be questioned or the

judge has a personal bias or prejudice concerning a party.  28 U.S.C. §§ 455(a) & (b)(1).  Under either § 144 or § 455, "the alleged bias must be personal, as distinguished from judicial in nature."  United States v. Scroggins, 485 F.3d 824, 830 (5th Cir. 2007) (internal citations omitted).  The alleged bias or prejudice must stem from an extrajudicial source, resulting in an opinion "on some basis other than what the judge learned from his participation in the case," United States v. MMR Corp., 954 F.2d 1040, 1045–46 (5th Cir. 1992) (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)), and therefore, a motion to disqualify ordinarily "may not be predicated on the judge's rulings in the instant case."  Scroggins, 485 F.3d at 830 (internal quotations omitted). The determination of whether disqualification is appropriate is within the sound discretion of the judge.  In re Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993).

## ANALYSIS

Plaintiff seeks to disqualify Judge Sparks on two grounds: first, Plaintiff alleges that Judge Sparks' purported "personal knowledge of disputed evidentiary facts" were "acquired in part from cases that" were not before him; and second, Plaintiff contends that such "personal knowledge" demonstrates a "personal bias or prejudice in favor of the Defendants in this case."  (Dkt. # 56 at 2.)  The Court finds that Plaintiff's Motion for Recusal should be denied as to both grounds.

As to Plaintiff's first contention, "personal knowledge" as used in 28 U.S.C. § 455 "generally does not encompass knowledge acquired by a judge while performing judicial duties." United States v. Randall, 440 F. App'x 283, 286 (5th Cir. 2011). The Fifth Circuit has consistently held that "'[a]s a general rule, for purposes of recusal, a judge's personal knowledge of evidentiary facts means extrajudicial, so facts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification.'" Brown v. Oil States Smatco, 664 F.3d 71, 81 (5th Cir. 2011) (quoting Conkling v. Turner, 138 F.3d 577, 592 (5th Cir. 1998) (internal quotations omitted)). Here, the "disputed evidentiary facts" that Plaintiff complains of pertain entirely to events arising out of judicial proceedings. For example, Judge Sparks acquired the information that forms the basis of the letter to the Disciplinary Committee through his own observations of the attorneys' conduct in a case over which he presided in the instant and related proceedings. (See Dkt. # 56-1.) Similarly, the findings in the Sanctions Order are based on Judge Sparks' observations while in the course of performing his judicial duties in the instant case. Accordingly, because Judge Sparks' knowledge of the disputed facts is intrajudicial rather than extrajudicial, his knowledge of the facts cannot form the basis of a recusal motion.

As to Plaintiff's second contention that Judge Sparks harbors a "personal bias or prejudice in favor of the Defendants," Plaintiff has not shown any evidence of Judge Sparks' bias in favor of Defendants.  To the extent that Plaintiff relies on Judge Sparks' rulings in favor of Defendants to demonstrate bias, the Court notes that "[j]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion."  Liteky v United States, 510 U.S. 540, 555 (1994). Further, to the extent that Plaintiff relies on the fact that Judge Sparks referred Plaintiff's counsel to the Disciplinary Committee for review, the Court similarly notes that doing so does not require recusal unless the judge's decision to do so "show[s] such substantial antagonism that a fair judgment is impossible."  Ocean-Oil Expert Witness, Inc. v. O'Dwyer, 451 F. App'x 324, 328 (5th Cir. 2011) (finding that district judge who presided over disciplinary proceedings against attorney was not required to recuse himself from presiding over case where attorney was the defendant).  Plaintiff has not demonstrated that Judge Sparks' actions constitute "such substantial antagonism" here.

In this Court's careful review, none of Plaintiff's allegations present a legitimate ground for the disqualification of Judge Sparks under either § 144 or § 455.  In fact, under § 455, the standard for impartiality is whether "a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."  In re Chevron U.S.A., 121 F.3d 163, 165 (5th Cir. 1997)

(internal citations omitted).  Having reviewed Plaintiff's motion and the entire record, the Court finds that no reasonable person, knowing all of the facts and circumstances surrounding this case, would question Judge Sparks' impartiality or fairness to the parties.

## CONCLUSION

For the reasons set forth, the Court hereby **DENIES** Plaintiff's Motion to Recuse Judge Sparks (Dkt. # 56).

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, May 2, 2018.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE