# COMMUNITY LAWYERS, LLC
20 N. Clark Street, Suite 3100
Chicago, Illinois 60602
Ph: (312) 757-1880 | Fx: (312) 265-3227

May 19, 2020

**VIA Electronic Filing**
The Chambers of the Hon. Judge Sam Sparks

      Re:    Tejero v. Portfolio Recovery Associates, LLC, *et al*.
             Case No. 1:16-cv-767-SS

To the Honorable Judge Sam Sparks,

I am writing in accordance with Your Honor's minute order dated May 4, 2020. The issue on remand from the Fifth Circuit Court of Appeals' April 6, 2020 opinion and order in this case is as follows: does the parties' private settlement qualify as a "successful action" for Plaintiff under Section 1692k(a)(3) of the Fair Debt Collection Practices Act (the "FDCPA"), and thus a mandatory award of attorneys' fees? Plaintiff contends that yes, it does, and states as follows in support:

Section 1692k(a) states, in relevant part, that "any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of" actual and statutory damages. The statute further mandates the payment of a plaintiffs' attorneys' fees and costs "in the case of any successful action to enforce the foregoing liability[.]"

This statute has a plain and ordinary meaning. A "successful action" is one that "enforce[s] the foregoing liability"—i.e., the debt collector pays the plaintiff "an amount equal to" the damages awardable under Section 1692k(a)(1) and (2).

Plaintiff's case is a "successful action" under this standard. As a result of bringing his claims against Portfolio Recovery Associates, LLC ("PRA"), he obtained a settlement in which he received $1,000, which is the maximum statutory damage award available under the FDCPA. In addition, PRA agreed to forgive the underlying debt of $2,111 and to delete the debt from Plaintiff's credit report.

Notably, what Plaintiff achieved in this settlement went beyond what he could have achieved from a favorable judgment on his FDCPA claims, where his maximum possible recovery was capped at $1,000. By choosing instead to enforce FDCPA liability through a settlement, he was able to achieve an even greater degree of success. Further, Plaintiff's ultimate recovery greatly exceeded PRA's previous offer of $1,101. With the forgiveness of the underlying debt, Plaintiff's monetary recovery was $3,111. On top of that, PRA agreed to delete its adverse credit reporting. As such, Plaintiff's settlement result was materially better than both the statutory maximum and the $1,101 that PRA offered at the outset of the case.

Courts in other districts have recognized that a plaintiff achieves a "successful action" by obtaining a settlement that compensates plaintiff for his alleged damages. *See, e.g.*, *Fallen v. GREP Southwest, LLC*, 247 F. Supp. 3d 1165, 1204-05 (D.N.M. 2017) ("[B]ecause the Fallens prosecuted their FDCPA and FCRA claims against National Credit to a favorable settlement, they are entitled to reasonable attorneys' fees under those statutes." (citations omitted)); *Mitchell v. Allied Interstate, Inc.*, Case No. 97 C 7177, 1999 U.S. Dist. LEXIS 18664 (N.D. Ill. Dec. 2, 1999) ("Under the settlement agreement the defendant did not admit that it violated the FDCPA. Nevertheless, as the plaintiffs obtained $27,100.00 in damages as well as an agreement by the defendant to modify its form letter, the court finds that the plaintiff did bring a successful action under the FDCPA." (citation omitted)).

PRA will likely argue that Plaintiff did not bring a "successful action" because he did not litigate his case to a judgment. But this position ignores the plain language of Section 1692k(a)(3). Congress did not predicate a fee award on a plaintiff obtaining a judgment. Indeed, a "successful action" is determined exclusively by whether a plaintiff gets paid "an amount equal to the sum of" damages available under the statute.

The Fifth Circuit has explained that whether an FDCPA plaintiff brought a "successful actions" turns solely on whether the defendant had to pay for plaintiff's damages. In *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996), the plaintiff (Johnson) prevailed on summary judgment, and the district court found that the defendant debt collectors violated the FDCPA. *Id.* at 150. At the subsequent trial on damages, however, the jury returned a damages verdict of $0 as to one of the debt collectors (White). *Id*. The district court ordered White to pay Johnson's fees, and White appealed. *Id.*

The Fifth Circuit reversed the fee order, concluding that "Johnson demonstrated that White had violated the FDCPA but failed to enforce any liability for actual or additional damages against White." *Id* at 151. In so ruling, the *Johnson* court criticized decisions from other courts finding a "successful action" where the plaintiff did not get paid for alleged damages, explaining that such rulings "take[] the language of the statute out of context and fail[] to give any meaning to the limiting phrase 'to enforce the foregoing liability.'" *Id*.

Thus, per the Fifth Circuit's ruling in *Johnson*, whether Plaintiff obtained a judgment is irrelevant to whether he brought a "successful action." The key to a successful action is not whether a judge or jury found that PRA violated the FDCPA, but whether PRA paid Plaintiff an amount equal to the damages available to him under the statute. Since PRA paid Plaintiff the full amount of statutory damages, along with debt forgiveness and credit-report cleanup, Plaintiff brought a "successful action" that entitles him to fees under Section 1692k(a)(3).

PRA will also likely cite to cases holding that a plaintiff must obtain a judgment or consent decree to be considered a "prevailing party," and that "successful action" and "prevailing party" mean the same thing. This view is misguided. In the first instance, if Congress intended to predicate a fee award on a plaintiff being a "prevailing party," it would have used that phrase. Indeed, Congress has used that precise phrase in several other fee-shifting statutes. *See, e.g.*, Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k); the Voting Rights Act Amendments of 1975, 42 U.S.C. § 1973l(e); the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.

2

But in drafting the FDCPA, Congress elected not to use the well-established phrase "prevailing party." Courts interpreting the FDCPA must give due consideration to Congress' choice. In *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001), the Supreme Court reviewed various civil rights statutes with fee-shifting provisions, all of which predicated a fee award on the plaintiff being the "prevailing party." *Id.* at 602-03. The court explained that "[i]n designating those parties eligible for an award of litigation costs, Congress employed the term 'prevailing party,' a legal term of art." *Id.* at 602. The court then cited the Black's Law Dictionary definition of "prevailing party": "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . ." *Id.* (citing Black's Law Dictionary 1145 (7th ed. 1999)). The court then determined that Congress' election to use the phrase "prevailing party" means that Congress intended for fee awards under "prevailing party" statutes to require a favorable judgment for the plaintiff. *Id.*

By the same token, a reviewing court must consider Congress' election to use the phrase "successful action to enforce the foregoing liability" in Section 1692k(a)(3), as opposed to the more common phrase "prevailing party." For a "prevailing party" statute, the focus is on whether the plaintiff obtained a favorable judgment, regardless of damages. For a "successful action" statute, however, the focus is on whether the plaintiff was compensated for the damages available under the statute, regardless of a judgment. Such a reading is consistent with both the *Buckhannon* and *Johnson* cases, as well as the plain language of Section 1692k(a)(3).

This reading also makes sense from a policy perspective. If a favorable settlement does not constitute a "successful action," FDCPA plaintiffs will stop settling their cases. Such a result flies in the face of longstanding American jurisdprudence that favors settlement. *See, e.g.*, *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910) ("Compromises of disputed claims are favored by the courts[.]"); *In re Chicken Antitrust Litigation*, 669 F.2d 228, 238 (5th Cir. 1982) (describing the Fifth Circuit's "strong judicial policy favoring settlements"); *United States v. City of Alexandria*, 614 F.2d 1358, 1362 (5th Cir. 1980) (describing "[t]he public policy in favor of voluntary settlements").

True, the fees could be paid as part of a settlement, without the need for a court's review. But, as this case demonstrates, parties are often able to settle only the damages portion of a case, while continuing to disagree about the appropriate amount of attorneys' fees. They elect to take the issue of fees to the court and seek a ruling on the amount of fees that is "reasonable." If this Court rules that a "successful action" requires a judgment in favor of the plaintiff, these types of settlements will disappear. The courts will instead be clogged with unsettled disputes about $1,000 claims, with plaintiffs refusing to settle for fear of losing the right to seek attorneys' fees.

But such a result is not necessary. The statute says "successful action," not "prevailing party." The plain meaning of this phrase includes a favorable settlement, especially where, as here, the plaintiff achieves the maximum possible damages award by settling his case.

Per the Court's order, attached is a proposed judgment awarding Plaintiff $14,181.80 in attorneys' fees and $550.00 in costs, as requested in Plaintiff's motion for attorney fees and costs. [Docket No. 43].

Plaintiff contends, however, that he is entitled to additional fees incurred after the Court denied his fee motion and awarded fees to PRA. "In statutory fee cases, federal courts. . . have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-660 (9th Cir. 1985). "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (citations omitted).

As such, Plaintiff respectfully requests leave of Court to file a supplemental motion seeking the additional fees and expenses incurred after the Court's prior ruling.

        Very truly yours,

        /s/ *Celetha Chatman*
        Celetha Chatman

# PROPOSED JUDGMENT

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| LUIS TEJERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NUMBER: 1:16-cv-00767-SS |
| v. | § | |
| | § | |
| PORTFOLIO RECOVERY | § | Hon. Sam Sparks |
| ASSOCIATES, LLC and | § | |
| WESTERN SURETY COMPANY | § | |
| | § | |
| Defendants. | § | |

## [PROPOSED] JUDGMENT FOR ATTORNEYS' FEES AND COSTS

BE IT REMEMBERED on this day the Court entered its order in the above-styled cause granting Plaintiff's Motion for Attorneys' Fees and Costs, and in according thereof enters the following:

IT IS ORDERED, ADJUDGED, and DECREED that Plaintiff Luis Tejero and his lawyers do have and recover judgment of and against Defendant Portfolio Recovery Associates, LLC in the amount of FOURTEEN THOUSAND, SEVEN HUNDRED THIRTY-ONE AND 80/100 ($14,731.80) as attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) with interest at 2.59% per annum, for which let execution issue.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiff Luis Tejero and his lawyers do have and recover judgment of and against Defendant Portfolio Recovery Associates, LLC in an amount to be determined by this Court after reviewing Plaintiff's supplemental fee request for fees incurred by Plaintiff after the Court's April 18, 2018 order denying Plaintiff's request for attorneys' fees and costs [Docket No. 52].

SIGNED on _____, 20\_\_\_.

_____
THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS