IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
20 JUN -1  AM 8:49
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY CLERK

LUIS TEJERO,
        **Plaintiff,**

-vs-

PORTFOLIO RECOVERY ASSOCIATES
LLC and WESTERN SURETY COMPANY,
        **Defendants,**

CAUSE NO.:
AU-16-CV-767-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Portfolio Recovery Associates, LLC ("PRA) and Western Surety Company ("Western")"s (collectively "Defendants") Notice of Contentions [#81], as well as Plaintiff Luis Tejero ("Tejero")'s Notice of Contentions [#82.]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

**I.    Factual History**

As the Court previously recounted, this lawsuit concerns PRA's efforts to collect Plaintiff's outstanding credit card debt (the Debt) after Plaintiff defaulted. Compl. [#1] ¶¶ 13–22.

On January 29, 2016, PRA received a faxed letter listing Plaintiff as the sender and stating the following:

> I am writing to you regarding the account referenced above. I refuse to pay this debt. My monthly expenses exceed my monthly income; as such there is no reason for you to continue to contacting me, and the amount you are reporting is not accurate either. If my circumstances should change I will be in touch.

1

*Id.* [#1-1] Ex. B (Debt Letter). Sometime during March 2016, PRA informed a consumer reporting agency of the Debt. Pl.'s Mot. Summ. J. [#18] at 3. PRA reported a balance of $2,211.00 and did not indicate the Debt was disputed. *Id.*

## II. Procedural History

On June 24, 2016, Plaintiff filed a complaint in this Court alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, and the Texas Debt Collection Act (TDCA), Texas Finance Code §§ 392.001–392.404, against PRA and Western. Compl. [#1]. Plaintiff claimed PRA violated the FDCPA and TDCA by failing to report the Debt was disputed. Compl. [#1] ¶¶ 12–38.[1] Western is the surety company for the bond PRA has on file with the Texas Secretary of State. *Id.* ¶ 11.

Plaintiff filed a motion for summary judgment, which the Court denied as fact issues remained. Order of Apr. 6, 2017 [#27]. Subsequently, Defendants filed a motion for summary judgment, which the Court granted in part and denied in part. Order of July 27, 2017 [#36]. In particular, the Court found Plaintiff had no standing for his TDCA claim because Plaintiff offered no evidence he suffered actual damages, a necessary condition to establish a TDCA claim. *Id.* at 7–9. On the other hand, the Court denied summary judgment on Plaintiff's FDCA claim because a fact issue existed concerning whether Plaintiff actually disputed the Debt via the Debt Letter. *Id.* at 10–11. Likewise, the Court denied Plaintiff's motion for reconsideration of his summary judgment motion. *Id.* at 9–11.

Trial was set for May 2018, but the parties filed a joint notice of settlement early in February 2018. Settlement Notice [#39]. The Court then ordered both parties to submit motions for attorneys' fees. On April 2, 2018, the Court ordered Tejero pay Defendants' attorneys' fees

---

[1] The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes a false representation of "the character amount or legal status of any debt . . . ." 15 U.S.C. § 1692e.

2

after concluding the lawsuit had been brought in bad faith and for purposes of harassment. Order of Apr. 2, 2018 [# 52] at 5–8. Tejero appealed this ruling on July 13, 2018. *See* Appeal of Final J. [#74].

On April 6, 2020, the Fifth Circuit issued an opinion reversing this Court's determination on attorneys' fees, finding that the Court had abused its discretion in levying sanctions against Tejero under Rule 11 of the Federal Rules of Civil Procedure and that Tejero had not brought his FDCPA suit in bad faith. *See Tejero v. Portfolio Recovery Assocs.*, 955 F.3d 453, 461–62 (5th Cir. 2020). It then remanded the case back to this Court to determine whether Tejero was entitled to attorneys' fees for bringing a "successful action" under 15 U.S.C. § 1692k(a)(3).

## Analysis

### I. Legal Standard

#### A. Attorneys' Fees Under 28 U.S.C. § 1927

Under 15 U.S.C. § 1692k(a), a debt collector who fails to comply with any provisions of the Fair Debt Collections Practices Act ("FDCPA") may be liable to a debtor for (1) "any actual damage sustained by such person as a result of such failure," and (2) "such additional damages as the court may allow, but not exceeding $1,000." *Id.* § 1692k(a)(1)–(2). Furthermore, if a debtor brings a "successful action to enforce the foregoing liability," the debtor is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." *Id.* § 1692k(a)(3). The Fifth Circuit has yet to determine "whether a private settlement renders the action 'successful' under § 1692k(a)(3)." *Tejero*, 955 F.3d at 462.

### II. Application

Tejero raises three arguments for why the private settlement in this case constitutes a "successful action" under the FDCPA. None are convincing.

3

First, Tejero argues the plain and ordinary language of the statute dictates that a "successful action" occurs whenever a debt collector pays an amount to the debtor that is equal to the amount the debtor would have from a favorable judgment. Pl.'s Notice of Contentions [#82] at 1. But this reading would force the Court to interpret § 1692k(a)(3) as mandating attorneys' fees for "successful action[s] to enforce the foregoing liability *or its equivalent*," and there is simply no basis for adding such language. Instead, the statute's text points to the only circumstance in which debtors may receive their attorneys' fees in an FDCPA action: where they have successfully "enforced the foregoing liability." In other words, unless a debtor can show actual or additional damages, the debtor is not entitled to attorneys' fees.

This is precisely the Fifth Circuit's holding in *Johnson v. Eaton*, 80 F.3d 148 (1996). In that case, a debtor prevailed against a debt collector on summary judgment but received no actual or additional damages. *Id.* at 150. The debtor then moved for attorney's fees under § 1682k(a)(3), which was granted by the district court. *Id.* The Fifth Circuit reversed, holding that although the debtor had demonstrated the debt collector had violated the FDCPA, she had "failed to enforce any liability for actual or additional damages" against the debt collector and therefore "[did] not meet the explicit requirement of § 1692k(a)(3) that she bring a 'successful action to enforce the foregoing liability.'" *Id.* at 151. Rejecting other circuits' interpretation of the FDCPA as awarding attorneys' fees where no injury had been proven, the Fifth Circuit noted that in an FDCPA case

> [T]he most a plaintiff can win is actual damages, additional damages[,] and attorney's fees and costs. However, this does not mean that every time a violation occurs, a plaintiff will win all three. The language of the statute places explicit conditions on an award of additional damages which must be approved by the court and attorney's fees *which are only available where the plaintiff has succeeded in establishing that the defendant is liable for actual and/or additional damages*."

4

*Id.* (emphasis added). In this case, Tejero has not even received the judicial imprimatur of a grant of summary judgment to show he has proved an injury or that Defendants are liable for actual or additional damages. Thus, as explained by the Fifth Circuit, he is not eligible to receive his attorney's fees.

Tejero's second argument resists this point by mischaracterizing the holding in *Johnson*. Tejero insists *Johnson* held that "[t]he key to a successful action is not whether a judge or jury found that [a debt collector] violated the FDCPA, but whether [the debt collector] paid plaintiff an amount equal to the damages available to him under the statute." Pl.'s Notice of Contentions [#82] at 2. As explained above, it is true *Johnson* held that showing a technical violation alone is insufficient to support an award of attorney's fees, but it did not hold that finding a violation was irrelevant. Indeed, for a debtor to win an award of actual damages—which *Johnson* states is the prerequisite for attorney's fees under § 1692k(a)(3)—the debtor must first show the debt collector violated the FDCPA. Tejero does not argue the settlement constitutes a finding that the debt collector violated the FDCPA, and he has consistently been unable to articulate any injury he suffered as a result of Defendants' actions. Consequently, § 1682k(a)(3)'s plain text and its interpretation by the Fifth Circuit in *Johnson* demonstrate the impropriety of awarding Tejero attorney's fees.

Finally, Tejero appeals to policy, contending that "[i]f a favorable settlement does not constitute a 'successful action,' FDCPA plaintiffs will stop settling their cases," which will lead to the courts being "clogged with unsettled disputes about $1,000 claims, with plaintiffs refusing to settle for fear of losing the right to seek attorney's fees." Pl.'s Notice of Contentions [#82] at 3. Even if the Court were inclined to the merits of this policy argument, *Johnson* ably explains the countervailing policy consideration:

> Reading the FDCPA as requiring attorney's fees to be paid in actions where the plaintiff fails to prove damages, rewards lawyers for bringing suits to stop behavior that, by definition, has caused legal injury to no one. Our interpretation of the statute will require attorneys to look for more than a technical violation of the FDCPA before bringing suit and will deter suits brought only as a means of generating attorney's fees.

*Johnson*, 80 F.3d at 151. Thus, if the cost of declining to award attorney's fees to settling parties is that fewer technical violations of the FDCPA reach the courts, *Johnson* indicates that is a cost courts should be willing to pay.

## Conclusion

Because Tejero failed to prove he was liable for actual damages or additional damages, he is not eligible to receive attorney's fees under § 1692k(a)(3).

Accordingly,

IT IS ORDERED that Plaintiff Luis Tejero TAKE NOTHING as attorney's fees from Defendants Portfolio Recovery Associates, LLC and Western Surety Company.

SIGNED this the 1st day of June 2020.

_____
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE